UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 20 2013

JAMES N. HATTEN, Clerk
By: _____, Deputy Clerk

| ALEX HIGDON<br><br>Plaintiff<br><br>V<br><br>JUDGE GAIL S. TUSAN<br><br>Defendant | CIVIL ACTION NO. 1:13-CV-0506-TWT |
|---|---|

## PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

**COMES NOW**, Alex Higdon, Plaintiff in the above-referenced matter, and moves this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on April 22nd, 2013. In support of this motion, the Plaintiff relies on the accompanying Memorandum.

As explained in the accompanying Memorandum, the Court's decision was based upon a clear legal error which resulting in a manifest injustice against the Plaintiff and his family. For this reason, the Plaintiff respectfully requests that this motion be granted and that the Court's order and judgment of April 22nd, 2013 be reversed and vacated.

Respectfully submitted this the 20th day of May, 2013

_____
Alex Higdon, Pro se

Alex Higdon
6030 China Rose Lane
Johns Creek, Georgia, 30097
678.595.2244

YASHIKA RETINA JONES
Notary Public. DeKalb County, Georgia
My Commission Expires Nov. 3, 2015

## CERTIFICATE OF SERVICE

This is to certify that I, Alex Higdon, have on this day served the Defendant Judge Gail S. Tusan in the above captioned matter with a copy of **this PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT.** It has been delivered by email and first class mail to the counsel of Judge Gail S. Tusan.

**Office of Fulton County Attorney**
**141 Pryor Street, Suite 4038**
**Atlanta, Georgia 30303**

**Kaye Burwell**
Kaye.burwell@fultoncounty ga.gov

**Jerolyn Webb Ferrari**
Jerolyn.ferrari@fultoncountyga.gov

**Lanna R. Hill**
Lanna.hill@fultoncountyga.gov

**Diana L. Freeman**
Diana.freeman@fultoncountyga.gov

This 20th day of May, 2013.

_[signature]_

Alex Higdon, Pro Se


Alex Higdon
6030 China Rose Lane
Johns Creek, Georgia, 30097
678.595.2244

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 20 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| ALEX HIGDON<br><br>Plaintiff<br><br>V<br><br>JUDGE GAIL S. TUSAN<br><br>Defendant | CIVIL ACTION NO. 1:13-CV-0506-TWT |
|---|---|

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 59(e)
MOTION TO ALTER OR AMEND THE JUDGMENT**

**COMES NOW**, Alex Higdon, Plaintiff in the above-referenced matter, and moves this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on April 22nd, 2013 (E-1). In support of this motion, the Plaintiff relies on the following Memorandum which proves the court's decision granting Defendant Gail S. Tusan absolute judicial immunity against the instant claims made by the Plaintiff was based upon a clear legal error which resulting in a manifest injustice against the Plaintiff and his family.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) was adopted to clarify the district court's power to correct its own mistakes during the time period immediately following entry of judgment. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 7th Circuit (1987). These motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been proffered prior to entry of judgment..

1

"A district court has broad discretion in determining whether to grant a motion to alter or amend judgment, and will not reverse absent a clear abuse of discretion." *Hagerman v. Yukon Energy Corporation.*, 839 F.2d 407, 413 (8th Cir.), cert. denied, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Circuit (1996).

## ARGUMENT AND AUTHORITY

In the case sub-judice, the Defendant contends that she qualifies for absolute judicial immunity despite her action of publically speaking on the merits of the Plaintiff's case in the media and using defamatory speech in retaliation for his choice to exercise his First Amendment right of free speech. In direct contravention to the substantial caselaw countering this faulty assertion, the instant Court has agreed with the Defendant.

This Court's April 22nd, 2013 ruling consisted of five (5) sentences outlining the standard of review for a motion to dismiss followed by a single conclusory offering which stated "The Defendant has absolute judicial immunity against the claims made by the Plaintiff arising out of a divorce case." The Court's ruling was devoid of any evidentiary findings or caselaw supporting its judgment. In fact, not only was caselaw supporting this Court's judgment absent from the order, the existing caselaw supporting the Plaintiff's contention that Judge Tusan is not eligible for judicial immunity for the acts she committed on February 27th, 2012 is voluminous.

### I. Eligibility for Judicial Immunity is Based upon Functional Analysis

The rules which determine whether particular actions of government officials are eligible for immunity have their genesis in historical practice and have invariably resulted in a functional approach. *Buckley v. Fitzsimmons*, 509 US 259 - Supreme Court (1993); See also *Burns v. Reed*, 500 U. S. 478, 484-486 (1991); *Forrester v. White*, 484 U. S. 219, 224 (1988); *Malley v. Briggs*, 475 U.

2

S. 335, 342-343 (1986); *Cleavinger v. Saxner*, 474 U. S. 193, 201 (1985); *Briscoe v. LaHue,* 460 U. S. 325, 342 (1983); *Harlow v. Fitzgerald*, 457 U. S. 800, 810 (1982); *Butz v. Economou*, 438 U. S. 478, 511-513 (1978); *Imbler v. Pachtman*, 424 U. S. 409, 420-425 (1976).

This functional approach outlined in the aforementioned caselaw was adopted by the United States Supreme Court and bequeathed to courts below as a bright line test guiding their decisions in cases where the evidentiary landscape involves an immunity determination. It employs a two-pronged test for determining whether an act was "judicial" for absolute immunity from a suit for damages. The central tenet underlying the test is that "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Pierson v. Ray*, 386 U. S. 547 (1967). (Immunity applies even when the judge is accused of acting maliciously and corruptly'); See also *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982) (Allegations of malice are insufficient to overcome qualified immunity). Rather, absolute judicial immunity can only be overcome by two sets of circumstances. First, a judge will not be immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U. S. 219 (1988); *Stump v. Sparkman*, 435 US 349 - Supreme Court (1978). Second, a judge will not be immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356-357 [98 S.Ct. 1099]; *Mireles v. Waco*, 502 US 9 - Supreme Court (1991); *Bradley v. Fisher*, 80 US 335 - Supreme Court (1872).

**II. Judicial Officers Who Speak On the Merits of Pending Cases Are Not Immune**

The Courts across this nation have been united and stentorian in declaring that judicial officers vested with adjudicative powers who publically speak from their judicial capacity on the merits of pending cases over which they preside are committing non-judicial acts that violate clearly established canonical law and the constitutional rights of the participating parties. *Barrett v. Harrington*, 130 F.3d 246, 260-61 (6th Cir. 1997); *Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir. 1979). *Kohl v. Murphy*, 767 F. Supp. 895 - Dist. Court, ND Illinois (1991); *Soliz v. Williams*, 88 Cal.

3

Rptr. 2d 184 - Cal: Court of Appeal, 2nd Appellate Dist., 5th Div. (1999); *Buckley v. Fitzsimmons*, 509 US 259 - Supreme Court (1993); *US v. Microsoft Corp.*, 253 F. 3d 34 - Court of Appeals, Dist. of Columbia Circuit (2001). *In re Boston's Children First*, 244 F.3d 164 (1st Cir.2001); *In re IBM Corp.*, 45 F.3d 641 (2d Cir.1995); *United States v. Cooley*, 1 F.3d 985 (10th Cir.1993); *In re Barry*, 946 F.2d 913 (D.C.Cir.1991) (per curiam). Therefore, it must necessarily follow that because the trial court in this case has never contested the fact that it flagrantly committed the foregoing non-judicial act against the Plaintiff and his family, it would not be eligible to enjoy the safe haven of judicial immunity for its unlawful commission.

### III. Judicial Officers Utilizing Media to Employ Defamatory Speech Are Not Immune

Several courts have affirmed viable claims for defamation in circumstances analogous to the facts alleged in this case. Perhaps most instructive is the well-established body of case law confirming that judges' and prosecutors' statements to the media do not qualify as judicial acts and are therefore are not eligible for judicial immunity. In *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993), the Supreme Court said a prosecutor's false statements to the media about evidence against a murder defendant "have no functional tie to the judicial process just because they are made by a prosecutor." The Court clarified the scope of absolute immunity with regard to defamatory statements:

> Absolute immunity does not apply to or include any publication of defamatory matter before the commencement, or after the termination of the judicial proceeding (unless such publication is an act incidental to the proper initiation thereof, or giving legal effect thereto); nor does it apply to or include any publication of defamatory matter to any person other than those to who, or in any place other than that in which, such publication is required or authorized by law to be made for the proper conduct of the judicial proceedings.

*Buckley*, 509 U.S. at 277 n. 8, 113 S.Ct. at 2618 n. 8 (citing *Veeder*, Absolute Immunity in Defamation: Judicial Proceedings, 9 Colum.L.Rev. 463, 489 (1909).

This rationale provided by *Buckley* has without exception applied to judges who make defamatory statements to the press or other non-court personnel about a litigant, as defendant allegedly did here. See, e.g., *Barrett v. Harrington*, 130 F.3d 246, 260-61 (6th Cir. 1997) (relying on

4

*Buckley*); *Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir. 1979) (relying on *Stump*); *Soliz*, 74 Cal.App.4th at 594-95 (relying on *Barrett*). Perhaps it should go without saying that if a judicial officer is not qualified for immunity while speaking publically on the merits of a pending case, the fact that Judge Tusan's flagrant publication in this case was defamatory in nature would in no way alter the outcome of an immunity determination which was already advancing to deny her this protection.

## CONCLUSION

**WHEREFORE**, because there exists no legal precedent to support this Court's grant of immunity to a judge who has broken the law and done so while egregiously acting outside the bounds of her judicial jurisdiction, the Plaintiff respectfully moves this Court pursuant to Rule 59(e), F.R.C.P. to grant his motion for reconsideration and vacate its prior decision thereby permitting his case against the Defendant to proceed to trial unimpeded.

Respectfully submitted this the 20th day of May, 2013

Alex Higdon, Pro se

Alex Higdon
6030 China Rose Lane
Johns Creek, Georgia, 30097
678.595.2244

5

## CERTIFICATE OF SERVICE

This is to certify that I, Alex Higdon, have on this day served the Defendant Judge Gail S. Tusan in the above captioned matter with a copy of **this MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT**. It has been delivered by email and first class mail to the counsel of Judge Gail S. Tusan.

**Office of Fulton County Attorney**
**141 Pryor Street, Suite 4038**
**Atlanta, Georgia 30303**

**Kaye Burwell**
**Kaye.burwell@fultoncounty ga.gov**

**Jerolyn Webb Ferrari**
**Jerolyn.ferrari@fultoncountyga.gov**

**Lanna R. Hill**
**Lanna.hill@fultoncountyga.gov**

**Diana L. Freeman**
**Diana.freeman@fultoncountyga.gov**

This 20th day of May, 2013.

_____
Alex Higdon, Pro Se


Alex Higdon
6030 China Rose Lane
Johns Creek, Georgia, 30097
678.595.2244

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX HIGDON,

   Plaintiff,

   v.

JUDGE GAIL S. TUSAN,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-506-TWT

### ORDER

This is a pro se civil rights action against a Fulton County Superior Court Judge. It is before the Court on the Defendant's Motion to Dismiss [Doc. 5]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the

T:\ORDERS\13\Higdon\13cv506\dismiss.wpd

plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). The Defendant has absolute judicial immunity against the claims made by the Plaintiff arising out of his divorce case. The Defendant's Motion to Dismiss [Doc. 5] is GRANTED.

SO ORDERED, this 19 day of April, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX HIGDON,

        Plaintiff,

vs.

JUDGE GAIL S. TUSAN,

        Defendant.

CIVIL ACTION FILE

NO. 1:13-cv-506-TWT

## JUDGMENT

This action having come before the court, Honorable Thomas W. Thrash, Jr., United States District Judge, for consideration of Defendant's Motion to Dismiss, and the court having granted said motion, it is

**Ordered and Adjudged** that this action is hereby **dismissed**.

Dated at Atlanta, Georgia, this 22nd day of April, 2013.

JAMES N. HATTEN
CLERK OF COURT

By: _____
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
  April 22, 2013
James N. Hatten
Clerk of Court

By: _____
Deputy Clerk